UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SALVADOR CHAVEZ,<br>        Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br>        Defendant. | Case No. 5:15-cv-01644-EJD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>Re: Dkt. No. 13 |

The instant action related to real property located in San Jose, California, was initiated by Plaintiff Salvador Chavez ("Plaintiffs") in Santa Clara County Superior Court on March 5, 2015. Defendant Wells Fargo Bank, N.A. ("Wells Fargo") removed the action this court on the basis of diversity jurisdiction. Presently before the court is Plaintiff's Motion to Remand. See Docket Item No. 13. Wells Fargo has filed written opposition to the motion. See Docket Item No. 15.

This matter is suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). Accordingly, the hearing scheduled for August 6, 2015, is VACATED. Having carefully considered the pleadings filed by the parties, the court finds, concludes and orders as follows:

1. Removal jurisdiction is a creation of statute. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir.1979) ("The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress."). In general, only those state court actions that could have been originally filed in federal court may be removed. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."); see also Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) ("Only state-

1   court actions that originally could have been filed in federal court may be removed to federal court
2   by defendant."). Accordingly, the removal statute provides two basic ways in which a state court
3   action may be removed to federal court: (1) the case presents a federal question, or (2) the case is
4   between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. §§
5   1441(a), (b).

6       2.    When removal is based on diversity jurisdiction, the "amount in controversy" is
7   generally measured by "the sum demanded in good faith in the initial pleading." 28 U.S.C. §
8   1446(c)(2). The notice of removal may also include in its statement of jurisdiction any form of
9   non-monetary relief sought. 28 U.S.C. § 1446(c)(2)(A)(i). Removal is then proper "if the district
10  court finds, by a preponderance of the evidence, that the amount in controversy exceeds" $75,000.
11  28 U.S.C. § 1446(c)(2)(B).

12      3.    On a motion to remand, it is the removing defendant's burden to establish federal
13  jurisdiction, and the court must strictly construe removal statutes against removal jurisdiction.
14  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.1992) ("The 'strong presumption' against removal
15  jurisdiction means that the defendant always has the burden of establishing that removal is
16  proper."). "Where doubt regarding the right to removal exists, a case should be remanded to state
17  court." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003); see 28
18  U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks
19  subject matter jurisdiction, the case shall be remanded.").

20      4.    In the instant case, diversity of citizenship is undisputed, and Plaintiff challenges
21  only Wells Fargo's assessment of the amount of in controversy. According to Plaintiff, the
22  Complaint makes it "abundantly clear" that the total sum demanded for the three-state law claims
23  "does not exceed $25,000." Since this amount is well-below the threshold necessary to support
24  diversity jurisdiction, Plaintiff argues this case must be remanded.

25      5.    In response, Wells Fargo attempts to support federal jurisdiction through reliance
26  on the non-monetary relief sought in the Complaint. It contends the only remedy for Plaintiff's
27  second cause of action, which asserts a violation of the Homeowners Bill of Rights ("HBOR"), is

28  
2
Case No.: 5:15-cv-01644-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

an injunction. Stated another way, Wells Fargo argues that "[t]o assert a pre-foreclosure HBOR claim is, by definition, to seek an injunction preventing foreclosure." It therefore measures the amount in controversy using the value of Plaintiff's property or the outstanding value of the loan, both of which exceed $75,000. See Garfinkle v. Wells Fargo Bank, 483 F.2d 1074, 1076 (9th Cir. 1973); see also Major v. Wells Fargo Bank, N.A., No. 14-CV-998-LAB-RBB, 2014 U.S. Dist. LEXIS 114977, at *3, 2014 WL 4103936 (S.D. Cal. Aug. 18, 2014) ("[I]in a case of this kind where injunctive relief is sought, 'the amount in controversy is measured by the object of the litigation.'").

6. Wells Fargo would be correct if Plaintiff was seeking to rescind his loan or to permanently enjoin a foreclosure sale. But he is not. Here, Plaintiff requests something different: an order requiring Wells Fargo to comply with the HBOR "and to complete a full and fair review of an application for modification that would allow him to keep his home." See Compl., Docket Item No. at ¶ 38. Since Plaintiff's injunctive request is limited, the court is not persuaded that the value of either the property at issue or of Plaintiff's loan is the proper measure of damages. This court is not alone in reaching that conclusion, and agrees with those other district courts who have found "the more appropriate test" for determining the amount in controversy under these circumstances is "'the pecuniary result to either party which the judgment would directly produce.'" See, e.g., Steele v. J.P. Morgan Chase Bank, N.A., No. EDCV 15-657 JGB (DTBx), 2015 U.S. Dist. LEXIS 91492, at *7, 2015 WL 4272276 (S.D. Cal. July 14, 2015) (citing Cross v. Home Loan Mortg. Corp., No. CV 11-04728 DMG (RZx), 2011 U.S. Dist. LEXIS 77032, at *7, 2011 WL 2784417 (C.D. Cal. July 15, 2011)). Wells Fargo makes no argument in an effort to satisfy that test. As a result, all that is left to consider is Plaintiff's assertion that his damages do not exceed $25,000.

7. "[I]t is well established that the plaintiff is 'master of her complaint" and can plead to avoid federal jurisdiction." Lowdermilk v. United States Bank Nat'l Assoc., 479 F.3d 994, 998-99 (9th Cir. 2007). Plaintiff has done so here by pleading an amount in controversy below the jurisdictional threshold. Wells Fargo has failed to show otherwise despite its burden to do so,

3
Case No.: 5:15-cv-01644-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

1  leaving the court with significant doubt as to whether this case was properly removed.  It must,
2  therefore, be remanded.
3       Based on the foregoing, Plaintiff's Motion to Remand (Docket Item No. 13) is
4  GRANTED, and this action is REMANDED to Santa Clara County Superior Court.  All other
5  matters are TERMINATED and VACATED, and the Clerk shall close this file.

**IT IS SO ORDERED.**

Dated:  July 21, 2015



EDWARD J. DAVILA
United States District Judge

4
Case No.: 5:15-cv-01644-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND